GEMOLOGICAL INSTITUTE OF AMERICA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, COMMISSIONER.

Docket No. 26183.   Promulgated March 27, 1952.

*Austin H. Peck, Jr., Esq.*, and *Henry C. Diehl, Esq.*, for the petitioner.

*R. E. Maiden, Jr., Esq.*, and *Raymon B. Sullivan, Esq.*, for the respondent.

1606

OPINION.

JOHNSON, *Judge:* Petitioner, claiming exemptions from tax on corporations under section 101 (6), asserts that it was organized and operated exclusively for scientific and educational purposes, and that no part of its net earnings inures to the benefit of any private shareholder or individual.

In presenting the issues, respondent alleges, *inter alia,* that part of the petitioner's net earnings inured to the benefit of an individual, and, therefore, petitioner is precluded from the benefits of the section.

In order to be exempt, under this section, petitioner must meet each of three tests:

(1) It must be organized and operated exclusively for one or more of the specific purposes;

(2) Its net income must not inure in whole or in part to the benefit of private shareholders or individuals; and

(3) It must not by any substantial part of its activities attempt to influence legislation by propaganda or otherwise.

"The words 'private shareholder or individual' in section 101 refers to persons having a personal and private interest in the activities of the organization." Regulations 111, section 29.101–2 (d). The facts prove that Shipley was a "person with a personal and private interest" in the petitioner. Actually, Shipley was the dominant individual in the corporation. While technically he did not create the corporation, he was the founder of the original venture, and upon transferring his activities to the petitioner, he became the most valuable and the most essential individual in the corporation.

Petitioner argues, because of Shipley's ability and past services, that he "was entitled to receive much more than the nominal amount set up as flat salary." This is not disputed. However, when petitioner further says that Shipley's compensation was not part of its net earnings but was only measured by the amount of its net earnings, we can not accept this argument as it is unsupported by the facts. In 1944 Shipley's compensation over and above his $4,500 salary was $7,651.37. The petitioner's net earnings for that same year, after deducting this amount as a business expense, was the same amount, $7,651.37. In 1945 Shipley's compensation, not including salary, was $11,837.30 and the petitioner's net income was $11,837.27. In 1946 Shipley's compensation, again not including salary, was $18,128.18 and petitioner's net income was $17,191.38.

Regardless of what these amounts are called, salary or compensation based on earnings, it is obvious that half of the net earnings of petitioner inured to the benefit of an individual, viz., Shipley. These earnings are too material to be ignored. *Roger L. Putnam,* 6 T. C. 702. Cf. *Edward Orton, Jr. Ceramic Foundation,* 9 T. C. 533, affd. 173 F. 2d 483. Such a distribution of net earnings is unequivocally

prohibited by the statute. The petitioner has failed to meet one of the essential tests of section 101 (6). Therefore, it does not qualify for the exemptions because all requirements of the section must coexist. This holding renders it unnecessary to consider respondent's other contentions.

Because the parties agreed to a stipulation of facts concerning the deficiencies for the declared value excess-profits tax, and for the penalties, a redetermination of the deficiencies must be made.

*Decision will be entered under Rule 50.*